UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

**HANNAH GREELEY**
122 TROUT BROOK ROAD
ROULETTE, PA 16747
[Potter County, PA]

*Plaintiff,*

v.

**CONAIR CORPORATION d/b/a CUISINART**
23 BARRY PLACE
STAMFORD, CT 06902
[Fairfield County, CT]

-and-

**CUISINART, INC. In it's own right**
23 BARRY PLACE
STAMFORD, CT 06902
[Fairfield County, CT]

*Defendants.*

Case No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY DEMAND

In support of this Complaint, Plaintiff alleges the following:

## THE PARTIES

1. At all times relevant to this action, Plaintiff Hannah Greeley was an adult resident of Potter County, Pennsylvania.

2. Conair Corporation ("Conair") is a foreign corporation that sells small appliances, personal care products, and health and beauty products for both professionals and consumers. While based in Stamford, CT, Conair also regularly conducts business in East Windsor, NJ. For purposes of these claims, Conair is located at 23 Barry Place, Stamford, CT 06902.

1

3. Cuisinart, Inc. ("Cuisinart") is a subsidiary corporation of Conair whose address for purposes of claims made is 23 Barry Place, Stamford, CT 06902.

4. Hereafter, Conair and Cuisinart will be referred to collectively as the Defendants.

## JURISDICTION AND VENUE

5. Jurisdiction is founded in this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

6. Venue over this matter is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District.

7. Assignment to the Southern Division is proper under 28 U.S.C. § 100(2).

## FACTUAL ALLEGATIONS

8. At all relevant times, Defendants designed, manufactured, constructed, created, sold, distributed and/or otherwise placed into the stream of commerce a Cuisinart SS-700CH Single Serve Brewing System bearing the serial number 30610 V ("Coffee Maker").

9. Plaintiff's friend, Lindsey Christian, purchased the Coffee Maker from Amazon.com in May of 2016 (see Exhibit A, Receipt).

10. Plaintiff was visiting her friend at her Bethesda, Montgomery County, Maryland home in June of 2018 and used the Coffee Maker on June 29, 2018, when she was injured by its operation.

11. Plaintiff was using the Coffee Maker in the usual fashion in accordance with all instructions. Plaintiff was not abusing or misusing the Coffee Maker.

12. While utilizing the product, hot water and/or coffee began to spill and stream from the maker and into the air, landing on Plaintiff's arms and face (See Exhibit B, Photos).

13. As a result of her contact with the scalding coffee and/or water, the Plaintiff sustained severe burns and blistering to her upper extremities and face.

14. As a result of her burns, Plaintiff endured great pain and suffering, an inability to perform her usual daily tasks, and incurred significant medical expense, as well as attendant loss of earnings.

## COUNT I – Strict Liability (Defective Design)
### Against Conair and Cuisinart

15. Plaintiff incorporates and realleges all paragraphs of this Complaint into this Count.

16. Defendants designed, marketed, manufactured, and sold the Coffee Maker.

17. The Coffee Maker's design was defective as sold to Plaintiff's friend.

18. The Coffee Maker was defectively designed because it was unreasonably dangerous to users such as Plaintiff when used foreseeably.

19. Defendants designed the Coffee Maker in a manner that it would expel boiling hot water and coffee grounds into the air during normal, foreseeable use of the product.

20. The Coffee Maker was further defective as sold because the product did not contain any warnings against the potential for harm with normal use.

21. The Coffee Maker was defective at the time it left Defendants' control.

22. The Coffee Maker was expected to, and did, reach Plaintiff without a substantial change in its condition.

23. The Coffee Maker failed to perform safely as an ordinary consumer, such as Plaintiff, would expect when used in an intended or reasonably foreseeable manner. The benefits of the design of the Coffee Maker do not outweigh the risks of danger inherent in such design.

24. Safer alternative designs were available to Defendants for the Coffee Maker prior to its sale to Plaintiff.

25. As a result of the above, Defendants are liable under the theory of product liability as set forth in §402A of the Restatement of Torts 2d.

26. As a direct and proximate result of Defendants' defective design of the Coffee Maker, Plaintiff has suffered, and will continue to suffer:

   a. Severe pain and suffering;

   b. Disfigurement; and

   c. Emotional distress.

27. As a direct and proximate result of Defendants' defective design of the Coffee Maker, Plaintiff has incurred, and will incur in the future, economic loss.

### COUNT II – Strict Liability (Failure to Warn)
### Against Conair and Cuisinart

28. Plaintiffs incorporate and reallege all paragraphs of this Complaint into this Count.

29. Defendants knew or should have known that, under normal use conditions, the Coffee Maker was susceptible to overheating and/or expelling burning hot water and coffee grounds into the air.

30. Defendants failed to warn users of the Coffee Maker's potential to malfunction with normal use.

31. Defendants should have provided clear and conspicuous warnings about the safe use of the product, including warnings about the potential for bodily injury due to overheating and/or expelling burning hot water and coffee grounds into the air.

32. Because of Defendants' failure to warn, the Coffee Maker was in a defective condition at the time it left Defendants' control or possession and was unreasonably dangerous to the users of the product. Further, the product was expected to and did reach Plaintiff without substantial change in its condition.

33. As a result of the above, Defendants are liable under the theory of product liability as set forth in §402A of the Restatement of Torts 2d.

34. As a direct and proximate result of Defendants' failure to warn of the Coffee Maker's potential to malfunction, Plaintiff has suffered, and will continue to suffer:

   a. Severe pain and suffering;

   b. Disfigurement; and

   c. Emotional distress.

35. As a direct and proximate result of Defendants' failure to warn of the Coffee Maker's potential to malfunction, Plaintiff has incurred, and will incur in the future, economic loss.

## COUNT III – Negligence
### Against Conair and Cuisinart

36. Plaintiffs incorporate and reallege all paragraphs of this Complaint into this Count.

37. At all times relevant to this case, Defendants had a duty to use reasonable care in:

   a. Designing the Coffee Maker;

   b. Testing the Coffee Maker;

    c.       Tracking injuries and product problems associated with the Coffee Maker; and

    d.       Warning of the dangers associated with the Coffee Maker.

    38.      Defendants breached its duty of care by failing to:

    a.  Properly design the Coffee Maker to avoid malfunction;

    b.  Adequately test the Coffee Maker;

    c.  Track injuries and problems associates with the Coffee Maker; and

    d.  Warn of the dangers associated with the Coffee Maker.

    39.      As a direct and proximate result of Defendants' negligence, Plaintiff has suffered, and will continue to suffer:

    a.  Severe pain and suffering;

    b.  Disfigurement; and

    c.  Emotional distress.

    40.      As a direct and proximate result of Defendants' negligence, Plaintiff has incurred, and will incur in the future, economic loss.

## COUNT IV – Breach of Implied Warranty of Fitness
### Against Conair and Cuisinart

    41.      Plaintiff incorporates and realleges all paragraphs of this Complaint into this Count.

    42.      Defendants knew, or had reason to know, that the Coffee Maker was dangerous for the use for which it was supplied.

    43.      Defendants had no reason to believe that Plaintiff and other consumers would recognize the dangerous nature of the Coffee Maker, specifically, its propensity to malfunction and cause injury.

44. Defendants failed to exercise reasonable care to inform Plaintiff and others that the Coffee Maker could malfunction and cause severe injury.

45. The product Defendants supplied was unfit for the particular purpose for which it was purchased, namely, the brewing of coffee.

46. As a direct and proximate result of the Coffee Maker's lack of fitness for its purpose, Plaintiff has suffered, and will continue to suffer:

   a. Severe pain and suffering;

   b. Disfigurement; and

   c. Emotional distress.

47. As a direct and proximate result of the Coffee Maker's lack of fitness for its purpose, Plaintiff has incurred, and will incur in the future, economic loss.

## REQUEST FOR RELIEF

Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in excess of $75,000.00, for:

(A) Compensatory damages for pain, suffering, shock, disfigurement, anxiety, worry, loss of enjoyment of life, and emotional distress;

(B) Economic damages, including but not limited to past and future medical expenses;

(C) Prejudgment and/or post-judgment interest;

(D) Punitive damages;

(E) Attorneys' fees and costs; and

(F) All other equitable and legal relief to which this Court finds proper.

Dated: August 3, 2020                                   Respectfully submitted,

BY:
/s/ Justin A. Browne
Justin A. Browne (Bar No. 29164)
Christina Graziano (*pro hac vice* to be filed)
KETTERER, BROWNE & ANDERSON, LLC
336 S. Main Street
Ste. 2A-C
Bel Air, MD 21014
Phone: 410-420-0184
Fax: 855-334-5626
Justin@KBAAttorneys.com
Christina@KBAAttorneys.com

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury with respect to each of the claims alleged herein.

/s/ Justin A. Browne
Justin A. Browne (Bar No. 29164)